IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **ORG PORTFOLIO MANAGEMENT LLC**, an Ohio Limited Liability Company, and **IRONWOOD REAL ESTATE, LLC**, a Georgia Limited Liability Company,<br><br>**Plaintiffs,**<br><br>v.<br><br>**URBAN RETAIL PROPERTIES, LLC** f/k/a URBAN RETAIL PROPERTIES CO., a Delaware Limited Liability Company,<br><br>**Defendant.** | No. 08 C 80<br><br>Judge Shadur<br><br>Magistrate Judge Keys |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

Plaintiffs seek a $20 million finder fee for introducing defendant, at a meeting in Chicago, to a prospective investor in a transaction "intended to result in the sale ... of real estate," through the formation of a joint venture with defendant to purchase "shopping malls and/or other real estate assets." Neither plaintiff alleges, however, that it has an Illinois real estate broker's license. As set forth below, the Illinois Real Estate License Act bars payment of a finder fee to, and recovery of a finder fee by, an unlicensed person or entity for introducing a prospective investor in a transaction "intended to result in the sale ... of real estate." The Real Estate License Act thus bars plaintiffs' claims and mandates the dismissal of their Supplemental Complaint.

I. **THE REAL ESTATE LICENSE ACT BARS PAYMENT OF A FINDER FEE TO, AND RECOVERY OF A FINDER FEE BY, AN UNLICENSED LLC.**

Section 10-15(a) of the Real Estate License Act, 225 ILCS 454/10-15(a), bars payment to an unlicensed person or entity for services for which the Act requires a license.[1] Section 10-15(b) of the Act, 225 ILCS 454/10-15(b), bars recovery by an unlicensed person or entity for services for which the Act requires a license.[2] The Act, indeed, makes it "unlawful for any person [or] limited liability company ... to act as a real estate broker ... without a properly issued sponsor card or license issued under this Act ..." and subjects such entities to civil penalties. 225 ILCS 454/5-15(a) and 20-10(a).

The definition of a "broker" in Section 1-10 of the Act includes a "limited liability company ... who for another and for compensation, or with the intention or expectation of receiving compensation, either directly or indirectly: ... (8) [a]ssists or directs in procuring or referring of prospects, intended to result in the sale, exchange, lease, or rental of real estate." 225 ILCS 454/1-10. The definition of "compensation" in Section 1-10 includes "finder fees." 225 ILCS 454/1-10. Section 10-15 of the Act accordingly bars payment of a finder fee to, and

---

[1] Section 10-15(a) of the Act states: "No compensation may be paid to any unlicensed person in exchange for the person performing licensed activities in violation of the Act." 225 ILCS 454/10-15(a).

[2] Section 10-15(b) of the Act states the following:

> No action or suit shall be instituted, nor recovery therein be had, in any court of this State by any person, partnership, registered limited liability partnership, limited liability company, or corporation for compensation for any act done or service performed, the doing or performing of which is prohibited by this Act to other than licensed brokers, salespersons, or leasing agents unless the person, partnership, registered limited liability partnership, limited liability company, or corporation was duly licensed hereunder as a broker, salesperson, or leasing agent under this Act at the time that any such act was done or service performed that would give rise to a cause of action for compensation.

225 ILCS 454/10-15(b). "[A]ny court of this State" includes federal courts in this State. *See, e.g., Hyatt International Corp. v. Coco*, 2003 WL 22532806 (N.D. Ill. Nov. 7, 2003).

recovery of a finder fee by, an unlicensed person or entity for "[a]ssist[ing] or [d]irect[ing] in procuring or referring of prospects, intended to result in the sale ... of real estate."[3]

## II. THE ACT'S PROHIBITION OF RECOVERY BY AN UNLICENSED FINDER APPLIES REGARDLESS OF WHETHER THE REAL ESTATE IS LOCATED INSIDE OR OUTSIDE OF THIS STATE.

The definition of "real estate" in Section 1-10 of the Act includes "leaseholds as well as any interest or estate in land, whether corporeal, incorporeal, freehold, or non-freehold, including timeshare interests, and whether the real estate is situated in this State or elsewhere." 225 ILCS 454/1-10; *Hyatt International Corp. v. Coco*, 2003 WL 22532806 at *3 (N.D. Ill. Nov. 7, 2003) (the Act applies to property located in Milan, Italy). The Act's prohibition of recovery by an unlicensed finder thus applies regardless of whether the real estate is located inside or outside of this State. *Hyatt International Corp.*, 2003 WL 22532806 at *3.

## III. THE ACT'S PROHIBITION OF RECOVERY BY AN UNLICENSED FINDER APPLIES TO SALES OF ASSETS TO WHICH REAL ESTATE IS MORE THAN MERELY INCIDENTAL.

The Act applies to sales of assets to which real estate is more than merely incidental. *Thomas v. Daubs*, 291 Ill. App. 3d 682, 687-689 (5th Dist. 1997). The Act's prohibition of recovery by an unlicensed finder thus applies to sales of assets to which real estate is more than merely incidental. *Thomas*, 291 Ill. App. 3d at 685-686, 689-690.

## IV. THE ACT BARS PLAINTIFFS' CLAIMS.

Defendant has its principal office and place of business in Chicago. (Complaint [Original], ¶ 5.) Plaintiffs seek a $20 million finder fee for introducing defendant, at a meeting at defendant's office in Chicago, to a prospective investor in a transaction "intended to result in the

---

[3] Although the Supplemental Complaint does not allege that any of plaintiffs' officers or employees are licensed under the Act, the Act's prohibition of recovery by an unlicensed entity applies regardless of whether any of plaintiffs' officers or employees are licensed. *Ceas Mortgage Co. v. Walnut Hills Associates, Ltd.*, 312 Ill. App. 3d 242, 245-246 (1st Dist. 2000).

3

sale ... of real estate," through the formation of a joint venture with defendant to purchase "shopping malls and/or other real estate assets." (Complaint [Original], ¶ 5; Supplemental Complaint, ¶¶ 12-13, 18-19, 22, 24-26.) Real estate is more than merely incidental to the joint venture's purchase of "shopping malls and/or other real estate assets." Neither plaintiff alleges that it has an Illinois real estate broker's license. The Act thus bars payment of a finder fee to, and recovery of a finder fee by, plaintiffs for introducing defendant to an investor in this transaction. The Act accordingly bars plaintiffs' claims and mandates the dismissal of their Supplemental Complaint.

                                              Respectfully submitted,

                                              Urban Retail Properties, LLC

                                              By:   /s/ David M. Simon
                                                        One of its attorneys

H. Roderic Heard (Tel. No. (312) 201-2623) (Reg. No. 1167170)
David M. Simon (Reg. No. 6201941) (Tel. No. (312) 201-2618)
Wildman, Harrold, Allen & Dixon LLP
225 West Wacker Drive
Chicago, Illinois 60606